WINFREE, Justice, concurring.
I agree with today's decision. I write separately to highlight what I believe to be serious service of process questions that will remain unanswered in light of that decision.
Effective service of a summons and complaint on a competent individual requires: (1) actual personal service; (2) leaving the papers at the person's dwelling house or usual place of abode with another person of suitable age and discretion then residing there; (3) delivering the papers to an agent authorized by appointment or law to receive them; or (4) completed signed delivery by registered or certified mail with return receipt.[1] If service cannot be made through these methods, a party may apply to the court for alternative service methods.[2]
James Goard apparently lived in Fairbanks. Aurora Landau's initial service efforts for Goard consisted of unsuccessfully sending the summons and complaint by certified mail to Terry Stahlman's Anchorage residence and then delivering Goard's copies of the summons and complaint to Stahlman at that same residence. But Landau had not applied to the court for permission to serve Goard at Stahlman's residence.
When Landau sought Goard's default, Landau's attorney asserted in his affidavit that service on Goard had been accomplished by leaving the summons and complaint with Stahlman, "a person of reasonable age and discretion at the address of record pursuant to the Corporations Section, State of Alaska, for service on James Goard," attaching the return of service to his affidavit. It is unclear exactly what Landau's attorney meant by address of record with the Corporations Section for "service" on Goard, but it is clear that the address was the one listed for Goard with the Corporations Section for purposes of his relationship to Showboat Show Club Anchorage LLC. The attached return of service for Goard said that the summons and complaint were left with Stahlman at his Anchorage residence, which was described as "the defendant[']s usual place of residence." The return of service as to Goard was false; Stahlman's Anchorage residence was not Goard's usual place of residence, it was Goard's LLC-related address.
This raises questions that will remain unanswered by this court in light of today's decision that Goard's widow lacked standing to bring an Alaska Civil Rule 60(b) motion on Goard's estate's behalf. Alaska Civil Rule 4(d)(1) permits individual service by leaving papers at a person's dwelling house or usual place of abode. Could Landau effectively ignore that provision by instead unilaterally choosing to leave service papers at an address Goard had listed with the state for LLC purposes, even though it apparently was not Goard's dwelling house or usual place of abode? When an individual member of an LLC, a partner in a partnership, or a shareholder in a corporation has an address listed with the state on a required filing, is that address-as a matter of law, notwithstanding Rule 4(d)(1) and without regard to Rule 4(e) -an effective service address for the individual with respect to a lawsuit arising from the entity's operations?
The superior court apparently answered "yes" to one or both of those questions. Today's decision leaves the superior court's answer(s) unreviewed.

Alaska R. Civ. P. 4(d)(1), (h).

See Alaska R. Civ. P. 4(e).